IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ESTATE OF MITZI DUNN                                              PLAINTIFF

VS.                                            No. 4:05CV114-D-B

AMERICAN HEALTH CENTERS, INC., ET. AL                  DEFENDANTS

OPINION GRANTING MOTION TO TRANSFER VENUE

Presently pending before the Court is the Defendants' motion to transfer venue to the United States District Court for the Western District of Tennessee. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff initiated this action on May 6, 2005, seeking damages arising out of the sale of business assets. In 2001, Mitzi Dunn contacted Defendant Melissa Brown in regard to the sale of Dunn Medical, Inc., Selma Ancillary Services, Inc., and Cahaba Medical ("Dunn Businesses"). The aforementioned entities were owned by Mitzi Dunn and had twenty-six medical supply stores as a part of their assets. Later in 2001, Melissa Brown located a potential buyer for the businesses owned by Mitzi Dunn. Pursuant to negotiations and a Purchase and Sale Agreement, AmMed Inc., purchased the Dunn Businesses for $700,000 in July 2001. AmMed is a Tennessee corporation which is a wholly owned subsidiary of American Health Centers, Inc., ("AHC").

Mitzi Dunn passed away on September 19, 2003. Subsequent to Ms. Dunn's death, the Dunn Estate, which was opened in Alabama by her husband Jerry Dunn, filed this lawsuit alleging that the Defendants conspired to engage in acquiring, maintaining, and controlling the Dunn Businesses through a pattern of racketeering activity at a price well below Ms. Dunn's original asking price. The Plaintiff's estate has alleged that the Defendants violated the Racketeer Influenced Corrupt

Organizations Act "(RICO") and asserts various state law claims in connection with this transaction.

The Defendants now move this Court to dismiss this action for lack of personal jurisdiction and/or transfer venue to the United States District Court for the Western District of Tennessee. The Defendants assert that the Purchase and Sale Agreement contained a forum selection clause that specifically provided that Decatur County, Tennessee, was the selected forum for any dispute related to this transaction. Furthermore, the Purchase and Sale Agreement contained a choice of law clause stating that any dispute arising out of this transaction would be governed by laws of Tennessee. In addition, the Defendants assert that all of the corporate Defendants are Tennessee corporations with their principal places of business in Tennessee. Furthermore, the Defendants assert that this Court should transfer this action under 28 U.S.C. § 1404(a). The Defendants assert that the individual Defendants are all Tennessee residents. The Defendants state that twenty-three of the twenty-six stores involved in this transaction lie outside of the State of Mississippi. Finally, the Defendants allege that all negotiations and contracts were conducted and executed in Tennessee and Alabama. The Defendants request the Court to transfer venue to the United States District Court for the Western District of Tennessee or dismiss this action for lack of personal jurisdiction.

The Plaintiff argues that forum selection clauses do not apply to a pre-existing scheme by the Defendants to defraud the Plaintiff. The Plaintiff asserts that the Defendants fraud scheme predates the sale contract, thus nullifying the forum selection clause. In addition, the Plaintiff argues that Defendants' argument that the witnesses will be from outside the state of Mississippi is farcical.

### B. *Standard of Review*

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of the venue transfer statute is to "prevent the waste of time, energy,

and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Gundle Lining Const. v. Fireman's Fund Ins., 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) (citing Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

Decisions to effect 1404(a) transfers are committed to the sound discretion of the trial judge. Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989) (citation omitted). In order to establish that transfer is appropriate, the defendant must demonstrate that the balance of convenience and justice weighs heavily in favor of the transfer. Home Healthcare Affiliates of Miss., Inc. v. American Heartland Health Administrators, Inc., No. 1:01CV489-D-A, 2002 WL 31051009, at *5 (N.D. Miss. Aug. 8, 2002). In other words, there must be a convincing showing of the right to have the case transferred since § 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. Mizell v. Prism Computer Corp., 27 F. Supp. 2d 708, 712 (S.D. Miss. 1998) (citations omitted).

There are several factors this court may consider in making a § 1404(a) determination, which include:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process, where necessary, over witnesses;
(3) the cost of obtaining witnesses for attendance at trial;
(4) the possibility of a view of the premises, if appropriate;
(5) the enforceability of a judgment;
(6) administrative difficulties of the court;
(7) the local interest of the controversy, and the imposition of jury duty on citizens residing in the community having no relation to the litigation;
(8) the propriety of having the action tried in a forum "at home" with the state law governing the case;
(9) the plaintiff's choice of forum;
(10) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendant; and
(11) "all other practical problems that make the trial of a case easy, expeditious, and inexpensive."

Glenn Group, LLC., v. Powell, 2005 WL 1876633 (N.D. Miss. 2005) *(citing* Mizell, 27 F. Supp. 2d

at 713; see also Apache Products Co. v. Employers Ins. of Wausau, 154 F.R.D. 650, 653 (S.D. Miss. 1994); Fullman v. AAA Cooper Transp. Co., 732 F. Supp. 54, 55 (N.D. Miss. 1990) (same)).

Normally, in determining the propriety of a transfer, the plaintiff's choice of forum is entitled to great weight. Willowbrook Foundation, Inc. v. Visiting Nurse Ass'n., Inc., 87 F. Supp. 2d 629, 635 (N.D. Miss. 2000) (citing Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966)). This is particularly true when the plaintiff's choice of forum is his own state. Willowbrook Foundation, Inc., 87 F. Supp. 2d at 635.

*C. Discussion*

1. Forum Selection Clause

A forum selection clause in a written contract is prima facie valid and is enforceable unless the opposing party shows that the enforcement of such a clause would be unreasonable. M/S The Breman v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972); Kevlin Services, Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995). This rule also applies to contracts that contain a choice of forum provision. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 1527, 113 L. Ed. 2d 622 (1991). The United States Supreme Court has stated that forum selection clauses in form contracts are subjected to a fundamental fairness inquiry. Id. at 595. The contracting party seeking to avoid the consequences of a forum selection clause bears "a heavy burden of proof." Id. at 592.

In determining whether the forum selection clause is reasonable, the Court must consider several factors such as a corporation's interest in limiting the fora in which it may be subjected to suit, any motive to discourage legitimate claims, the time and expense saved by forgoing litigation of the proper forum, the inconvenience of the contractual forum to the parties, and evidence of fraud or overreaching. Id. at 593-95; see also The Breman, 407 U.S. 1, 92 S. Ct. 1907. Unreasonableness

may be shown where "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." Haynsworth v. The Corp., 121 F.3d 956, 963 (5th Cir. 1997) (*citing* Shute, 499 U.S. at 595; The Breman, 407 U.S. at 12-13).

The main thrust of the Plaintiff's argument centers around the first factor above. The Plaintiff alleges that the forum selection clause is void because the Defendants participated in a pre-existing scheme to defraud Mitzi Dunn. The Plaintiff does not allege that this was a contract of adhesion. The Court notes that the entire agreement is thirty-five pages long. The document is in normal type and font and clearly entitled "Purchase and Sale Agreement." The next to last paragraph, 22(I), contains the forum selection clause and is labeled "forum selection." That clause states:

> This agreement has been negotiated and entered into and shall be performed in the State of Tennessee, and shall be governed by and interpreted and construed in accordance with and pursuant to the laws of the State of Tennessee. Any action or proceeding between or against the parties hereto relating in any way to this Agreement, or the subject matter hereof, shall be brought and enforced exclusively in a state or federal court with jurisdiction of such matters in Decatur County, Tennessee, and the parties hereto consent to the exclusive jurisdiction of such court in respect of such action or proceeding.

The Court notes that the agreement was signed by Mitzi Dunn as owner or stockholder of all three businesses. In addition, the Court notes that the forum selection clause was not in fine print and also had its own separate heading.

The Plaintiff avers that the entire Purchase and Sale Agreement was the product of fraud and overreaching. The Plaintiff contends that the Defendants "engaged in and conspired to engage in

a fraudulent, dishonest and extortionate scheme to exploit Defendant Brown's relationship with Mitzi Dunn in order that they could fraudulently, dishonestly and extortionately acquire Dunn Medical, Inc, for millions of dollars less that the value and price of the companies Mitzi Dunn had entrusted to Defendant Brown to determine, list and market for sale." The Plaintiff further alleges that Defendant Brown befriended Mitzi Dunn and openly acknowledged and engaged in a fiduciary relationship with Mitzi Dunn and her companies. The Plaintiff alleges that the Defendants "fraudulently exploited Defendant Brown's fiduciary relationship and special relationship of trust with Mitzi Dunn and other Dunn Medical personnel to deceptively ratchet down the acquisition price of Dunn Medical, Selma Ancillary and Cahaba Medical to AmMed." The Plaintiff further asserts that the Defendants never disclosed their relationship with Melissa Brown.

Fraud and overreaching must be specific to a forum selection clause in order to invalidate it. Haynsworth, 121 F.3d at 963. A forum selection clause is not unenforceable because there is an allegation of fraud in the transaction. Rather, a forum selection clause is only unenforceable when the inclusion of that clause in the contract was a product of fraud or coercion. Scherk v. Alberto-Culver Co., 417 U.S. 506, 519, n. 14, 94 S. Ct. 2449, 2457, 41 L. Ed. 2d 270 (1974) (*citing* Prima Paint Corp v. Flood and Conklin Mfg. Co., 388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967)). Allegations of fraudulent conduct as to the contract as a whole or portions of it are insufficient to void the forum selection clause. Haynsworth, 121 F.3d at 963; Sudduth v. Occidenta Peruana, Inc., 70 F. Supp. 2d 691, 696 (E.D. Tex. 1999). The Fifth Circuit has refused to judge the soundness of a forum selection clause by what the Court believes to be the merits of the underlying contract. Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 300 (5th Cir. 1998).

The Court notes that the Plaintiff has alleged several claims of fraud against the Defendants. The Court further notes that the Plaintiff has alleged fraud in the sale of the Dunn businesses.

However, glaringly absent from Plaintiff's allegations is any proof or allegation that the actual forum selection clause was obtained by fraud. The Court makes no judgments as to the merits of Plaintiff's case regarding the contract, but the Court finds no evidence that the forum selection clause was obtained by fraud or overreaching by the Defendants. The Plaintiff was a sophisticated businesswoman and signed the Purchase and Sale Agreement. The forum selection clause had its own heading and was written in clear language. Therefore, the Court finds that the forum selection clause was not the product of fraud or overreaching.

The Plaintiff failed to submit any other argument showing that the forum selection clause was unreasonable. The Court finds that Tennessee is not so inconvenient a forum as to deprive the Plaintiff of its day in Court. The Court notes that Tennessee borders both Alabama and Mississippi and is convenient for witnesses of both parties. Furthermore, the Court finds that Tennessee contract law is not so unfair that it will deprive the Plaintiff of a remedy. In fact, the Court notes that Tennessee statutory law provides a four-year statute of limitations on actions related to the sale of goods and a six-year statute of limitations for all unspecified contracts. See Tenn. Code Ann. § 47-2-725; Tenn. Code Ann. § 28-3-109. Thus, the Court finds that the Tennessee Courts will provide the Plaintiff with a remedy. Finally, the Court finds no strong Mississippi public policy to compel this Court to render the forum selection clause void. Therefore, the Court finds that the forum selection clause is valid and this Court will enforce it.

2. Transfer of Venue

Although the Court is satisfied that the forum selection clause divests this Court of jurisdiction in this case, the Court will also analyze the factors to determine if this case is transferable pursuant to 28 U.S.C. § 1404. In the case *sub judice*, the Plaintiff has filed this action in the United States District Court for the Northern District of Mississippi, Greenville Division, in

Greenville, Mississippi. The Defendant has moved to transfer this cause to the United States District Court for the Western District of Tennessee, Eastern Division, in Jackson, Tennessee. As is the case with all motions to transfer venue, the Plaintiff has cited numerous cases where a transfer was denied and the Defendant has cited numerous cases where transfer was allowed. Although the relevant precedent aids in delineating the lines that define convenience, the propriety of transfer depends on the specific factual realities of each case. Certainly with a motion to transfer for convenience, the Plaintiff's choice of forum is to be given considerable deference. Against this foundation, the Court shall endeavor to balance each factor as it relates to the convenience of the parties, witnesses and as justice so requires. Furthermore, the district court is given broad latitude to grant or deny motions to transfer for convenience and its judgment will only be disturbed by finding an abuse of discretion.

      Applying the applicable 1404(a) factors enumerated <u>supra</u>, the Court finds that the access to sources of proof and the availability of process over witnesses weigh in favor of transfer. The Court notes that the Defendants all reside in Tennessee and the Plaintiff resides in Alabama. The Dunn Businesses were headquartered in Alabama and most of the Plaintiff's documents probably reside there. In addition, the Defendant corporations and the individual defendants all reside in Tennessee. All documents related to this transaction most likely reside in Tennessee. The Court also notes that deposition of corporate Defendants must be done in Tennessee. The Court finds that subpoena power and service or process over Defendants and witnesses will be much easier in Tennessee. As to the cost of obtaining witnesses at trial, this seems to be a neutral point. Obviously, the Western District of Tennessee is a much more convenient forum for the Defendants and the witnesses for the Defense. However, travel for the Plaintiff's witnesses will be a little longer. The distance from Selma, Alabama to Greenville, Mississippi is approximately 327 miles. In contrast, the distance from Selma, Alabama to Jackson, Tennessee is approximately 314 miles. Thus, the Plaintiff would

not be inconvenienced by a trial in Tennessee. The Plaintiff has not produced any proof showing that a large number of Mississippi residents will be called as witnesses. In addition, the Court notes that only three of the twenty-six stores associated with this transaction were located in Mississippi. Thus, the Court finds that the first three factors weigh in favor of transferring venue for convenience of the parties.

The Court now turns to factors four through six under Mizell. First, there is no evidence that either party will request to view the premises. However, if such a request was made, the Court will assume that the premises to be viewed will either be in Tennessee or Alabama. Thus, the Court considers this factor inapplicable. Second, if the Plaintiff was to obtain a judgement, the judgement would most likely be easier to obtain in Tennessee considering that all of the Defendants reside in Tennessee. Thus, this factor weighs in favor of transfer. Third, the Court is of the opinion that there are no administrative difficulties that are posed by transferring this case. Thus, this factor also weighs in favor of transfer.

The Court will next consider the local interest in this controversy. The Court finds that the citizens of the Northern District of Mississippi have very little connection or interest with this case. There are no Mississippi residents that are parties to this lawsuit. In addition, only a fraction of the assets connected with this litigation were located in the State of Mississippi. In following this Court's previous ruling and rationale in Glenn Group, the Court finds that this dispute has practically no substantive connection to this forum. Conversely, the State of Tennessee has a very substantial connection to the events and the parties that are the subject of this lawsuit. Additionally, transfer to the Western District of Tennessee will cure any jurisdictional defense and defects that may not be overcome in this forum. Resultantly, the Court is satisfied that a transfer to the Western District of Tennessee will be substantially more convenient than the Plaintiff's choice of forum. See In re

Volkswagen AG, 371 F.3d 201, 206 (5th Cir. 2004) (jury duty should not be imposed upon a community which has little relation to the litigation).

The eighth factor requires the Court to determine the propriety of having the action tried in a forum "at home" with the state law governing the case. The Court has already determined that Tennessee law governs this case. The Court found that the forum selection clause and the choice of law clause mandated that Tennessee law govern the contract between these two parties. Thus, by transferring this case to the Western District of Tennessee the Court will send the case to a forum that is "at home" with the state law governing the case as to the Plaintiff's common law claims. The Western District of Tennessee is as capable as any United States District Court in interpreting the Plaintiff's federal law claims. However, it is much better suited to determine issues of Tennessee state law. Thus, this factor weighs heavily in favor of transfer.

The Plaintiff's choice of forum is usually given a heightened degree of deference. See Schexnider v. McDermott Intern. Inc., 817 F.2d 1159, 1163 (5th Cir. 1987). However, when the Plaintiff chooses a forum that is not his home state, he is not entitled to a heightened degree of deference. Glenn Group, LLC, 2005 WL 187663 at *3. The Court notes that Mississippi was a curious choice of forum considering that the Defendants reside in Tennessee and the contract negotiations and sale of the companies took place in Alabama. Therefore, this factor will not weigh in favor of the Plaintiff.

Finally, the Court finds that the last two issues are neutral or slightly favorable to the Defendants. Thus, after a review of all of the factors the Court is of the opinion that the Western District of Tennessee is a much more convenient and better forum for this litigation. Resultantly, the Court will grant the Defendants' motion to transfer venue.

*D. Conclusion*

Upon a thorough review of the parties' briefs and the applicable law the Court finds that the United States District Court for the Western District of Tennessee is a much more convenient forum for this litigation. In addition, the Court finds that the forum selection clause located in the Purchase and Sale Agreement is valid and reasonable. Resultantly, the Court finds that the parties are bound by the forum selection clause which locates the resolution of any dispute from that agreement in Decatur County, Tennessee. In light of the fact that this case has substantial federal claims, this Court will transfer this case to the United States District Court for the Western District of Tennessee, Eastern Division. Consequently, the motion for transfer of venue is granted.

A separate order in accordance with this opinion shall issue this day.

This the 15th day of September 2006.

/s/ Glen H. Davidson
Chief Judge